UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSEPH D. LENTO, ESQ.,                              :
and LENTO LAW FIRM, P.C.,                           :
                                                    :
                            Plaintiffs,             :    Case No.
          - against -                               :
                                                    :    **JURY TRIAL DEMANDED**
                                                    :
PETER SAYEGH, ESQ.                                  :
and HRBA LAW LLC a/k/a                              :
HR & BUSINESS ASSOCIATES, LLC,                      :
                                                    :
                            Defendants.             :
------------------------------------------------------------------x

## COMPLAINT

Plaintiffs Joseph Derrick Lento, Esq., and Lento Law Firm, P.C., for their Complaint against defendants Peter Sayegh, Esq., and HRBA Law LLC, a/k/a HR & Business Associates, LLC, by and through their attorney, Paul Batista, P.C., allege as follows:

### Summary and Introduction

1.      At its core, this is an action by Joseph Derrick Lento, Esq. ("Mr. Lento"), a Pennsylvania resident, and Lento Law Firm, P.C. ("LLF"), a professional corporation owned by Mr. Lento with offices throughout the United States, including in New York, New York, against Peter Sayegh, Esq. ("Sayegh"), an Arizona attorney who was once briefly employed by plaintiff LLF, and who together with an Arizona law firm, HRBA Law LLC a/k/a HR & Business Associates LLC (collectively "HRBA"), have leveled throughout the nation massive defamatory, libelous and vindictive attacks on Mr. Lento and LLF.

2.      As the balance of this Complaint describes, defendant Sayegh, with the full participation of defendant HRBA, has in a short period of time filed multiple unsubstantiated, false and *ad hominem* assaults and accusations with public authorities and private individuals against

Mr. Lento and LLF constituting, among other things, (1) tortious interference with plaintiffs' existing business and professional relationships, (2) tortious interference in extant contract relationships, (3) tortious interference in prospective contracts and business relationships, (4) malice, (5) defamation, libel and slander, and (6) abuse of process.

### Jurisdiction and Venue

3.    Jurisdiction in this Court is grounded on 28 U.S.C. § 1332(a) since (i) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (ii) is between citizens of different states.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

### Parties

5.    Mr. Lento is a resident of the Commonwealth of Pennsylvania and is licensed to practice law in the State of New Jersey. Mr. Lento is also admitted to practice in the State of New York.

6.    Plaintiff LLF is a professional corporation with offices located at 405 Lexington Avenue, Chrysler Building, 26th Floor, New York, New York 10174.

7.    Upon information and belief, defendant Sayegh is an attorney who resides in the State of Arizona.

8.    Upon information and belief, defendant HRBA is a law firm organized and existing as a limited liability company under the laws of the State of Arizona, which advertises and promotes its legal services throughout the United States, including New York. Defendant Sayegh is a partner of, or otherwise affiliated with, defendant HRBA.

2

## Statement of Facts Relevant to All Counts

### A.    The Employment Contract

9.    In 2024, LLF and defendant Sayegh entered a contract (the "Sayegh contract") pursuant to which plaintiff LLF employed defendant Sayegh to act as an employee and attorney for LLF in order to provide services to clients of LLF who were in need of representation.

10.    The Sayegh contract imposed on defendant Sayegh the obligation, among other things, to provide professional, diligent and competent service to any clients of LLF whom LLF assigned to Sayegh.

11.    Likewise, the Sayegh contract obligated Sayegh to provide services to LLF in professional good faith and to act with loyalty to LLF.

### B.    Defendant Sayegh's Breach of Contract

12.    Within a matter of weeks, defendant Sayegh breached multiple material provisions of the Sayegh contract.

13.    Among other things, defendant Sayegh failed to provide competent and professional legal services to clients of LLF who were assigned by LLF to Sayegh.

14.    Moreover, defendant Sayegh refused to follow directives and procedures legitimately conveyed to him by plaintiffs.

### C.    The Termination of Sayegh for Cause

15.    In view of defendant Sayegh's breach of multiple and material obligations under the contract, his employment by LLF was properly terminated in 2024.

16.    Upon information and belief, after defendant Sayegh was terminated by LLF, he became formally employed by or otherwise affiliated with defendant HRBA.

3

17.     Upon information and belief, defendants Sayegh and HRBA surreptitiously began their negotiations for Sayegh to join or become affiliated with HRBA while Sayegh was still employed by plaintiff LLF.

18.     Upon information and belief, defendant Sayegh had access to and retained documents and information about LLF's entire client base.

19.     This material, which belonged to LLF, contained confidential information about LLF's clients, including, among other things, their identities, their locations and contact information, privileged documents, the legal positions of LLF's clients, and detailed responses to the matters in which LLF was responding to the legal issues relevant to a wide range of LLF's clients.

D.     *Defendants' Misconduct*

20.     As soon as Sayegh was terminated for cause, he provided defendant HRBA with LLF's client lists and with client information entrusted to LLF by its clients. Indeed, upon information and belief, Sayegh stole from LLF and transmitted to defendant HRBA confidential information belonging to Mr. Lento and LLF.

21.     In addition, Sayegh, with the assistance of HRBA, began a vindictive campaign – which continues to the present – to induce numerous bar organizations to investigate Mr. Lento and LLF. The purpose of the campaign was and remains to destroy the business and professional existence of Mr. Lento and LLF.

22.     More specifically, defendant Sayegh, on or about September 12, 2024, filed a complaint with the Florida Bar against plaintiff. Upon information and belief, the Florida Bar complaint contained numerous false accusations against Mr. Lento and LLF.

4

23.     In addition, defendant Sayegh, with the cooperation of defendant HRBA, filed in 2024 a grievance in Arizona against Mr. Lento and LLF.  Upon information and belief, the Arizona grievance contained multiple false accusations and lies regarding Mr. Lento and LLF.

24.     Moreover, Sayegh – again with the cooperation and support of defendant HRBA – filed in 2024 a complaint against Mr. Lento and LLF with the Utah Office of Professional Conduct.  As is the case with the Florida and Arizona complaints and grievance filed by defendants, the Utah grievance contains materially false and malicious claims against Mr. Lento and LLF.

25.     Furthermore, defendants in or about February 25, 2025, filed false and malicious claims with California Bar authorities regarding Mr. Lento, LLF and other professional entities owned or controlled by Mr. Lento.

26.     Upon information and belief, defendants have encouraged and solicited numerous grievances by clients of LLF whose identities and circumstances were stolen by Sayegh during the course of his employment with LLF and provided to HRBA.

27.     Upon information and belief, defendants' campaign to destroy Mr. Lento and LLF by soliciting clients of LLF to file false grievances and complaints against Mr. Lento and LLF were and are an integral element of defendants' efforts to destroy plaintiffs.

28.     Upon information and belief, defendants' campaign included suggestions or directions to plaintiffs' clients to demand refunds from Mr. Lento and LLF of fees paid by the clients to plaintiffs.

## COUNT I

29.    Plaintiffs repeat and reallege each and every allegation of ¶¶ 1-28, *supra*.

30.    Defendant Sayegh, with the cooperation and assistance of defendant HRBA, breached the Sayegh contract by, among other things, (i) incompetently and irresponsibly performing his obligations under the Sayegh contract, (ii) stealing confidential information regarding plaintiffs' clients, and (iii) providing and sharing the confidential information with defendant HRBA.

31.    Defendant Sayegh breached the Sayegh contract by engaging in deliberate acts of disloyalty to LLF while he was employed by LLF.

32.    As a direct and proximate cause of defendants' breaches of the Sayegh contract, Mr. Lento and LLF have sustained damages in an amount to be determined at trial but believed to exceed $20 million.

## COUNT II

33.    Plaintiffs repeat and reallege each and every allegation of ¶¶ 1-32, *supra*.

34.    By engaging in the acts delineated in ¶¶ 1, 2, 9, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30 and 31, *supra*, defendants Sayegh and HRBA have tortiously interfered with plaintiffs' existing contracts and business and professional relationships.

35.    As a direct and proximate cause of defendants' conduct, Mr. Lento and LLF have sustained damages in an amount to be determined at trial but believed to exceed $20 million.

6

## COUNT III

36.    Plaintiffs repeat and reallege each and every allegation of ¶¶ 1-35, *supra*.

37.    By engaging in the acts delineated in ¶¶ 1, 2, 9, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30 and 31, *supra*, defendants Sayegh and HRBA have tortiously interfered with plaintiffs' prospective contracts and business relationships.

38.    As a direct and proximate cause of defendants' conduct, Mr. Lento and LLF have sustained damages in an amount to be determined at trial but believed to exceed $20 million.

## COUNT IV

39.    Plaintiffs repeat and reallege each and every allegation of ¶¶ 1-38, *supra*.

40.    By engaging in the acts delineated in ¶¶ 1, 2, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31, *supra*, defendants have libeled, slandered and defamed Mr. Lento and LLF.

41.    As a direct and proximate cause of defendants' conduct, Mr. Lento and LLF have sustained damages in an amount to be determined at trial but believed to exceed $20 million.

## COUNT V

42.    Plaintiffs repeat and reallege each and every allegation of ¶¶ 1-41, *supra*.

43.    By engaging in the acts delineated in ¶¶ 1, 2, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31, *supra*, defendants engaged in a course of conduct which was malicious and calculated solely to damage, and to destroy, the business and professional existence of Mr. Lento and LLF.

44.    As a direct and proximate cause of defendants' conduct, Mr. Lento and LLF have sustained damages in an amount to be determined at trial but believed to exceed $20 million.

## COUNT VI

45.    Plaintiffs repeat and reallege each and every allegation of ¶¶ 1-44, *supra*.

46.    By engaging in the acts delineated in ¶¶ 1, 2, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31, *supra*, defendants engaged in widespread and illegal abuse of process.

47.    As a direct and proximate cause of defendants' conduct, Mr. Lento and LLF have sustained damages in an amount to be determined at trial but believed to exceed $20 million.


WHEREFORE, plaintiffs demand judgment against defendants Sayegh and HRBA, jointly and severally, as follows:

A.    On Count I, entry of judgment in an amount of at least $20 million, together with interest, costs and plaintiffs' attorneys' fees;

B.    On Count II, entry of judgment in an amount of at least $20 million, together with interest, costs and plaintiffs' attorneys' fees;

C.    On Count III, entry of judgment in an amount of at least $20 million, together with interest, costs and plaintiffs' attorneys' fees;

D.    On Count IV, entry of judgment in an amount of at least $20 million, together with interest, costs and plaintiffs' attorneys' fees;

E.    On Count V, entry of judgment in an amount of at least $20 million, together with interest, costs and plaintiffs' attorneys' fees;

F.    On Count VI, entry of judgment in an amount of at least $20 million, together with interest, costs, and plaintiffs' attorneys' fees;

G.    Punitive damages in the amount of $40 million; and

8

H.    For such other and further relief as the Court deems just and proper.

Dated: New York, New York
      April 22, 2025

PAUL BATISTA, P.C.

By: _____

Paul Batista
Attorney for Plaintiffs Joseph D.
    Lento, Esq. and Lento Law Firm, P.C.
26 Broadway, Suite 1900
New York, New York 10004
(631) 377-0111
Batista007@aol.com

9