**PAUL BATISTA, P.C.**
**Attorney-at-Law**
**26 Broadway – Suite 1900**
**New York, New York 10004**
**(631) 377-0111**

e-mail: **Batista007@aol.com**                                    Facsimile: **(212) 344-7677**

May 5, 2025

<u>VIA ECF</u>

Hon. Analisa Torres
United States District Judge
   for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

                      **Re:**     **Joseph D. Lento, Esq. v. Peter Sayegh**
                                 <u>**25 Civ. 3359 (AT)**_____</u>

Dear Judge Torres:

     I represent plaintiff Joseph D. Lento, Esq., in the above-entitled litigation.

     Pursuant to Your Honor's Order entered April 24, 2025 (*see* ECF Doc. 4), I have today caused the filing, pursuant to Fed. R. Civ. P. 15 and Your Honor's Order, of an Amended Complaint.

                            Respectfully submitted,

                            Paul Batista

cc:   Joseph D. Lento, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
JOSEPH D. LENTO, ESQ.,

                        Plaintiff,

        - against -

PETER SAYEGH, ESQ.,

                        Defendant.

-----------------------------------------------------------------------x

Case No. 25 Civ. 3359 (AT)

**<u>JURY TRIAL DEMANDED</u>**

## <u>AMENDED COMPLAINT</u>

Plaintiff Joseph Derrick Lento, Esq., for his Complaint against defendant Peter Sayegh, Esq., by and through his attorney, Paul Batista, P.C., alleges as follows:

### <u>Summary and Introduction</u>

1. At its core, this is an action by Joseph Derrick Lento, Esq. ("Mr. Lento"), a Pennsylvania resident, against Peter Sayegh, Esq. ("Sayegh"), an Arizona resident who has waged throughout the nation massive defamatory, libelous and vindictive attacks on Mr. Lento.

2. As the balance of this Complaint describes, defendant Sayegh has in a short period of time filed multiple unsubstantiated, false and *ad hominem* assaults and accusations with public authorities and private individuals against Mr. Lento, constituting, among other things, (1) tortious interference with Mr. Lento's existing business and professional relationships, (2) tortious interference in prospective contracts and business relationships, (3) malice, (4) defamation, libel and slander, and (5) abuse of process.

### <u>Jurisdiction and Venue</u>

3. Jurisdiction in this Court is grounded on 28 U.S.C. § 1332(a) since (i) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (ii) is between citizens of different states.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

### Parties

5.    Mr. Lento is a resident of the Commonwealth of Pennsylvania and is licensed to practice law in the State of New Jersey.  Mr. Lento is also admitted to practice in the State of New York.

6.    Upon information and belief, defendant Sayegh is an attorney who resides in the State of Arizona.

### Statement of Facts Relevant to All Counts

*A.    The Employment Contract*

7.    Mr. Lento is the sole owner of several law firms in multiple states known in general under the trade name as the "Lento Law Firm" and the "Lento Law Group," a national law firm with a New York office located at 405 Lexington Avenue, Chrysler Building, 26th Floor, New York, New York 10174.

8.    In 2024, an entity owned by Mr. Lento and defendant Sayegh entered a contract (the "Sayegh contract") pursuant to which the entity owned by Mr. Lento employed defendant Sayegh to act as an employee and attorney in order to provide services to clients of the Lento organization who were in need of representation.

9.    The Sayegh contract imposed on defendant Sayegh the obligation, among other things, to provide professional, diligent and competent service to any clients whom Mr. Lento assigned to Sayegh.

*B.    Defendant Sayegh's Breach of Contract*

10.    Within a matter of weeks, defendant Sayegh breached multiple material provisions of the Sayegh contract.

11.    Among other things, defendant Sayegh failed to provide competent and professional legal services to clients of the entity owned by Mr. Lento who were assigned to Sayegh.

12.    Moreover, defendant Sayegh refused to follow directives and procedures legitimately conveyed to him by Mr. Lento.

### C.    The Termination of Sayegh for Cause

13.    In view of defendant Sayegh's breach of multiple and material obligations under the contract, his employment was properly terminated in 2024.

14.    Upon information and belief, after defendant Sayegh was terminated he became formally employed by or otherwise affiliated with non-party HRBA Law LLC ("HRBA"), a putative law and business consultancy firm.

15.    Upon information and belief, Sayegh and non-party HRBA surreptitiously began their negotiations for Sayegh to join or become affiliated with HRBA while Sayegh was still employed by an entity owned by Mr. Lento.

16.    Upon information and belief, defendant Sayegh had access to and retained documents and information about the client base of the firms owned by Mr. Lento.

17.    This material, which belonged to Mr. Lento and the entities he owns, contained confidential information about clients, including, among other things, their identities, their locations and contact information, privileged documents, and the legal positions of the clients.

### D.    Defendant's Misconduct

18.    Upon information and belief, as soon as Sayegh was terminated for cause, he provided HRBA with client lists belonging to Mr. Lento and the law firms Mr. Lento owns, and with client information entrusted to Mr. Lento and his entities by their clients.  Indeed, upon

information and belief, Sayegh stole from plaintiff and transmitted to HRBA confidential information belonging to Mr. Lento and his firms.

19.    In addition, Sayegh began a vindictive campaign – which continues to the present – to induce numerous bar organizations to investigate Mr. Lento and the firms comprising the "Lento Law Firm" and the "Lento Law Group." The purpose of the campaign was and remains to destroy the business and professional existence of Mr. Lento and the firms which Mr. Lento owns.

20.    More specifically, defendant Sayegh, on or about September 12, 2024, filed a complaint with the Florida Bar against plaintiff. Upon information and belief, the Florida Bar complaint contained numerous false accusations against Mr. Lento and the law firms which Mr. Lento owns.

21.    In addition, defendant Sayegh filed in 2024 a grievance in Arizona against Mr. Lento and his firms. Upon information and belief, the Arizona grievance contained multiple false accusations and lies regarding Mr. Lento and his firms.

22.    Moreover, Sayegh filed in 2024 a complaint against Mr. Lento and the firms he owns with the Utah Office of Professional Conduct. As is the case with the Florida and Arizona complaints and grievance filed by defendant, the Utah grievance contains materially false and malicious claims against Mr. Lento and his firms.

23.    Furthermore, defendant in or about February 25, 2025, filed false and malicious claims with California Bar authorities regarding Mr. Lento and other professional entities owned or controlled by Mr. Lento.

24.    Upon information and belief, defendant has encouraged and solicited numerous grievances by clients of Mr. Lento and his firms whose identities and circumstances

4

were stolen by Sayegh during the course of his employment with a law firm owned by Mr. Lento and illicitly provided by Sayegh to others.

25.    Upon information and belief, defendant's campaign to destroy Mr. Lento by soliciting clients of Mr. Lento to file false grievances and complaints against Mr. Lento and the law firms Mr. Lento owns were and are an integral element of Sayegh's efforts to destroy Mr. Lento's business and career.

26.    Upon information and belief, Sayegh's campaign included suggestions or directions to clients to demand refunds from Mr. Lento and his firms of fees paid by the clients to Mr. Lento and firms which he owns.

## COUNT I

27.    Plaintiff repeats and realleges each and every allegation of ¶¶ 1-26, *supra.*

28.    Defendant Sayegh breached the Sayegh contract by, among other things, (i) incompetently and irresponsibly performing his obligations under the Sayegh contract, (ii) stealing confidential information regarding clients of Mr. Lento and his firms, and (iii) providing and sharing the confidential information with others.

29.    Defendant Sayegh breached the Sayegh contract by engaging in deliberate acts of disloyalty to his employer while he was employed by one of the entities owned by Mr. Lento.

30.    As a direct and proximate cause of Sayegh's breaches of the Sayegh contract, Mr. Lento and his firms have sustained damages in an amount to be determined at trial but believed to exceed $20 million.

## COUNT II

31.    Plaintiff repeats and realleges each and every allegation of ¶¶ 1-30, *supra.*

32.     By engaging in the acts delineated in ¶¶ 1, 2, 8, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28 and 29, *supra*, defendant Sayegh has tortiously interfered with Mr. Lento's and his firms' contracts and business and professional relationships.

33.     As a direct and proximate cause of defendant Sayegh's conduct, Mr. Lento has sustained damages in an amount to be determined at trial but believed to exceed $20 million.

## COUNT III

34.     Plaintiff repeats and realleges each and every allegation of ¶¶ 1-33, *supra*.

35.     By engaging in the acts delineated in ¶¶ 1, 2, 8, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28 and 29, *supra*, defendant Sayegh has tortiously interfered with the prospective contracts and business relationships of Mr. Lento and the firms which Mr. Lento owns.

36.     As a direct and proximate cause of Sayegh's conduct, Mr. Lento has sustained damages in an amount to be determined at trial but believed to exceed $20 million.

## COUNT IV

37.     Plaintiff repeats and realleges each and every allegation of ¶¶ 1-36, *supra*.

38.     By engaging in the acts delineated in ¶¶ 1, 2, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 and 29, *supra*, defendant has libeled, slandered and defamed Mr. Lento and the firms Mr. Lento owns.

39.     As a direct and proximate cause of Sayegh's conduct, Mr. Lento has sustained damages in an amount to be determined at trial but believed to exceed $20 million.

## COUNT V

40.     Plaintiff repeats and realleges each and every allegation of ¶¶ 1-39, *supra*.

41.     By engaging in the acts delineated in ¶¶ 1, 2, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 and 29, *supra*, defendant engaged in a course of conduct which was

6

malicious and calculated solely to damage, and to destroy, the business and professional existence of Mr. Lento and the firms owned by Mr. Lento.

42.    As a direct and proximate cause of Sayegh's conduct, Mr. Lento has sustained damages in an amount to be determined at trial but believed to exceed $20 million.

## COUNT VI

43.    Plaintiff repeats and realleges each and every allegation of ¶¶ 1-42, *supra*.

44.    By engaging in the acts delineated in ¶¶ 1, 2, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 and 29, *supra*, defendant engaged in widespread and illegal abuse of process.

45.    As a direct and proximate cause of Sayegh's conduct, Mr. Lento has sustained damages in an amount to be determined at trial but believed to exceed $20 million.

WHEREFORE, plaintiff demands judgment against Sayegh as follows:

A.    On Count I, entry of judgment in an amount of at least $20 million, together with interest, costs and attorneys' fees;

B.    On Count II, entry of judgment in an amount of at least $20 million, together with interest, costs and attorneys' fees;

C.    On Count III, entry of judgment in an amount of at least $20 million, together with interest, costs and attorneys' fees;

D.    On Count IV, entry of judgment in an amount of at least $20 million, together with interest, costs and attorneys' fees;

E.    On Count V, entry of judgment in an amount of at least $20 million, together with interest, costs and attorneys' fees;

F.    On Count VI, entry of judgment in an amount of at least $20 million, together with interest, costs, and attorneys' fees;

G.    Punitive damages in the amount of $40 million; and

H.    For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 5, 2025

PAUL BATISTA, P.C.

By: _____
    Paul Batista
    Attorney for Plaintiff Joseph D. Lento, Esq.
    26 Broadway, Suite 1900
    New York, New York 10004
    (631) 377-0111
    Batista007@aol.com

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH D. LENTO, ESQ.,
and LENTO LAW FIRM, P.C.,

               Plaintiffs,

      -against-

PETER SAYEGH, ESQ.
and HRBA LAW LLC a/k/a
HR & BUSINESS ASSOCIATES, LLC,

               Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/24/2025__
```

25 Civ. 3359 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiffs, Joseph D. Lento, Esq., and Lento Law Firm, P.C., bring this action invoking diversity subject matter jurisdiction under 28 U.S.C. § 1332(a). *See* Compl. ¶ 3, ECF No. 1. If Plaintiff, Lento Law Firm, P.C., is a professional corporation, as its name implies and the complaint alleges, then the complaint must allege the citizenship of the corporation by reference to its state of incorporation and the state in which it has its principal place of business. *See id.* ¶¶ 1, 6; 28 U.S.C. § 1332(c); *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubell, Inc.*, 710 F.2d 87, 89 (2d Cir. 1983); *see also Gaines v. AstraZeneca Pharm.*, No. 21 Civ. 5323, 2022 WL 4467366, at *3–4 (S.D.N.Y. Sept. 26, 2022). Additionally, if Defendant, HRBA Law LLC, is a limited liability company, as its name implies and the complaint alleges, then the complaint must allege the citizenship of each of the natural persons, and the place of incorporation and principal place of business of any corporate entities, who are members of the limited liability company. *See* Compl. ¶¶ 1, 8; *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("[A] limited liability company . . . takes the citizenship of each of its members.").

      Accordingly, by **May 8, 2025**, Plaintiffs shall amend their complaint to properly allege the citizenship of the parties or otherwise file a letter explaining why Plaintiffs need not do so. If Plaintiffs fail to timely allege complete diversity, Plaintiffs' claims may be dismissed *sua sponte* for lack of subject matter jurisdiction.

      SO ORDERED.

Dated: April 24, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge